[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Court, having heard and reviewed the evidence, as well as having considered relevant statutory directives, including Connecticut General Statutes Sections 46b-56, 46b-62, 46b-81, 46b-82, 46b-84, and 46B-215b, and having considered the parties' proposed orders, as well as the legal arguments of counsel for each party, including those expressed in memoranda filed in November of 1991, makes the findings and enters the orders hereinafter set forth.
A. Findings
1. The defendant, whose maiden name was Rose M. Owens, and the plaintiff were married in Bloomfield, Connecticut on July 9, 1980.
2. The residential jurisdictional prerequisite has been met in this case.
3. The following children are issue of the marriage, to wit: Andrew Anthony Bryan, born on December 19, 1979; and Shawn Carlton Bryan, born on October 21, 1983.
4. There are no other proceedings in any court affecting the custody of the minor children.
5. The marriage has broken down irretrievably, without hope of reconciliation. The marriage is dissolved.
B. Orders
1. Custody, visitation and child support
a. Custody and visitation
Defendant Rose M. Bryan shall have sole Custody of the minor children. Plaintiff Carlton A. Bryan shall be and is entitled to reasonable rights of visitation, including but not limited to alternate Saturdays from 10:00 a.m. to 6:00 p.m., and alternate Thanksgiving, Easter and July 4th holidays.
b. Child support
1) monetary amount
Plaintiff Carlton Bryan shall pay 90.00 per week as support for the minor children. In this regard, the Court finds that the application of the child support guidelines to this case would be inappropriate.
2) medical insurance
Defendant Rose M. Bryan shall maintain the existing CT Page 2139 medical insurance through her employer, the Aetna, for the benefit of the minor children. The plaintiff and defendant each shall pay one-half of the unreimbursed medical and dental expenses of the minor children, excepting orthodontic expenses for which the plaintiff must be given the option of consenting prior to the initiation of such orthodontic services. The provisions of Connecticut General Statutes Section 46b-84 (c) are incorporated herein by reference.
2. Disposition of assets
a. Real estate
1) 103-105-107 Adams Street, Hartford, Connecticut
Defendant Rose Bryan shall convey to plaintiff Carlton Bryan by quit claim deed all of her right, title and interest in premises known as 103-105-107 Adams Street in Hartford, Connecticut; the plaintiff shall hold defendant Rose Bryan harmless regarding any encumbrances and obligations related to said premises, and execute a hold harmless agreement in evidence thereof.
2) 42-44 Baltic Street, Hartford, Connecticut
Defendant Rose M. Bryan shall relinquish any claim which she may have in real estate premises known as 42-44 Baltic Street in Hartford, Connecticut, and the plaintiff Carlton Bryan shall hold the defendant harmless as to any mortgages or encumbrances regarding said premises.
The defendant shall be entitled to continue her occupancy of the apartment at the Baltic Street premises until the close of the 1991-1992 school year. During this occupancy period the defendant solely shall be responsible for paying the utilities, e.g. water, electricity, for said apartment, but she shall not be obligated to pay rent or use and occupancy charges therefor.
3) 685-687 Blue Hills Avenue, Hartford, Connecticut
Plaintiff Carlton Bryan shall relinquish any claim to real estate known as 685-687 Blue Hills Avenue situated in Hartford, Connecticut. Defendant Rose Bryan shall hold plaintiff Carlton Bryan harmless regarding any encumbrances and obligations related to said premises; and the defendant shall execute a hold harmless agreement in evidence thereof.
4) 30-32 Cleveland Avenue, Hartford, Connecticut
Defendant Rose M. Bryan shall transfer by quitclaim deed to plaintiff Carlton Bryan all interest which she has in premises known as30-32 Cleveland Avenue situated in Hartford, Connecticut. Plaintiff CT Page 2140 Carlton Bryan shall execute in favor of defendant Rose Bryan a mortgage in a principal sum amount equal to one-half of the present equity of the premises. Said mortgage shall bear interest at the rate of 5.5 per cent per annum and all said amounts shall be payable in lump sum upon the earliest of the following: a) the sale of said premises; or b) March 6, 1997. Plaintiff Carlton Bryan shall hold defendant Rose Bryan harmless regarding any encumbrances and obligations on said premises, and shall execute a hold harmless agreement therefor.
5) 121-123 Greenfield Street, Hartford, Connecticut
Plaintiff Carlton Bryan shall convey by quitclaim deed to defendant Rose M. Bryan all his interest in premises and contents of premises known as 121-123 Greenfield Street situated in Hartford, Connecticut. Defendant Rose M. Bryan shall hold the plaintiff harmless with respect to any encumbrances on said premises, and shall execute a hold harmless agreement therefor.
b. Liquid assets
1) Aetna Savings
Defendant Rose Bryan shall have exclusive ownership of her Aetna savings account and its contents of at least $10,694.31.
2) Aetna Pension
Defendant Rose Bryan shall have the exclusive ownership of her pension at the Aetna
3) Northeast Savings Account
Plaintiff Carlton Bryan shall have exclusive ownership of the account at Northeast Savings Bank, including its contents of $10,000 plus dollars.
c. Motor vehicles
The parties shall have exclusive ownership of and keep the motor vehicles in their possession and be responsible for taxes or other encumbrances thereon.
d. Other assets and tangible personal property
All other assets and tangible personal property in the possession of each party shall belong to and is owned by that party.
3. Allocation of liabilities
Each party shall be responsible for all liabilities which appear CT Page 2141 on his or her financial affidavit, except for verified charges for unreimbursed dental or medical expenses which have been incurred for their children. Each party shall be responsible for and pay one-half of such unreimbursed dental and medical expenses.
4. Alimony
Neither party is awarded alimony.
5. Medical Insurance for Plaintiff
To the extent that group health insurance is available to plaintiff Carlton Bryan pursuant to Connecticut General Statutes Section38a-538 or other COBRA provisions, defendant Rose Bryan shall cooperate in facilitating the provision of such health insurance coverage at plaintiff Carlton Bryan's expense, provided he desires to have such insurance.
6. Life Insurance
Each party shall have and maintain a life insurance policy — term of otherwise — in the minimum amount of $10,000, naming the minor children as beneficiaries. Furthermore, each party shall provide the other with notice on or about April 5 and October 5 of each year of the in-force effect of said policy, together with the name of the Company which issued said policy, as well as the account number of said policy.
7. Tax Exemptions
Beginning with calendar year 1991, plaintiff Carlton Bryan shall be entitled to claim minor Andrew as an exemption; and defendant Rose Bryan shall be entitled to claim minor Shawn as an exemption on their respective income tax returns.
8. Tax Refunds
Tax refunds due for calendar year 1991 — as well as for any period prior to 1990 after the filing of any amended tax returns — shall be divided equally by the parties.
9. Counsel fees
The Court does not award counsel fees to either party.
10. Execution of documents
The parties shall execute forthwithly all documents necessary to the effectuation of the judgment in this matter.
CLARANCE J. JONES, JUDGE CT Page 2142